**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-3230

_____

SADDIE DEBISETTE GOMEZ,
                                    Appellant
v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-02949)
District Judge: Honorable Karen S. Marston

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 12, 2023

Before: JORDAN, BIBAS, and PORTER, *Circuit Judges*

(Filed: September 13, 2023)

_____

OPINION*

_____

BIBAS, *Circuit Judge.*

Most constitutional rights are rights to be left alone. They prevent the government from doing things *to* you but do not require it to do things *for* you. True, people reasonably expect police and prosecutors to protect them from violent criminals. But because the Due

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

Process Clause does not require states to provide that protection, we will affirm the District Court's dismissal.

Late one night, Saddie Gomez was riding the subway home in northeast Philadelphia. Nora McDougal approached, assaulted, and robbed her. After Gomez notified the transit police, they arrested McDougal. McDougal was already wanted on an active bench warrant for drug charges.

Gomez now sues the Southeastern Pennsylvania Transportation Authority (SEPTA), which runs Philadelphia's buses, trains, trolleys, and subways. She alleges that its subways are crime-ridden, "filthy[,] and dangerous" in part because "SEPTA … chose to understaff its police force and not enforce basic rider codes of conduct." App. 26 ¶¶ 15–16. She charges SEPTA with failing to protect her and having a policy or custom of deliberate indifference to riders' safety. She sues under 42 U.S.C. §1983, alleging that those omissions violate her due-process right to life, liberty, and bodily integrity.

The District Court dismissed her case, holding that SEPTA was not liable for failing to act. We review its dismissal de novo. *Finkelman v. NFL*, 810 F.3d 187, 192 (3d Cir. 2016).

The Fourteenth Amendment does not affirmatively "guarantee … minimal levels of safety and security." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). But under a narrow exception, a government actor like SEPTA can be liable for a "state created danger" if it "affirmatively creates or enhances a risk of danger" that causes the plaintiff's harm. *Kaucher v. County of Bucks*, 455 F.3d 418, 431 (3d Cir. 2006). For that exception to apply, Gomez had to show four things:

2

1) Gomez's assault and robbery had to be both "foreseeable and [a] fairly direct" result of SEPTA's actions;

2) SEPTA had to have acted with "deliberate indifference" to a "great risk of serious harm";

3) Gomez had to have a special relationship with SEPTA as "a member of a discrete class" or "a foreseeable victim," not just a member of the general public; and

4) SEPTA or one of its agents had to affirmatively use its authority "in a way that created a danger to [Gomez]" or that made her "more vulnerable to danger" than if SEPTA had done nothing.

*Sauers v. Borough of Nesquehoning*, 905 F.3d 711, 717 (3d Cir. 2018) (internal quotation marks omitted) (noting that when, as here, the defendant had time to carefully consider the action, the required culpability level is deliberate indifference).

In the District Court, Gomez "concede[d] that, on its face, the case law regarding a state-created danger claim supports [SEPTA's] request for dismissal." App. 12. She was right to concede that our case law stands against her for at least two reasons: She alleges nothing that rises to the level of deliberate indifference—only limited policing resources or at most negligence. And she was part of the general public, not a member of a special protected class.

Gomez also claims that SEPTA's policy or custom allowed such constitutional violations. To prove that claim, she must show that some state actor violated her rights by following the agency's policy or custom. Yet no state actor did that, so SEPTA cannot be liable.

SEPTA did not harm Gomez; it just did not prevent her injury. It did nothing to "deprive [her] of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. So we will affirm the District Court's dismissal.†

---

† It is a different question whether Gomez has any recourse under state law. In another jurisdiction, the common-law tort of public nuisance has been invoked to abate dangerous public conditions. Specifically, one Arizona court has enjoined the City of Phoenix's "failure, and in some cases refusal, to enforce criminal and quality of life laws" that let squatters in a homeless encampment harass other citizens, soil the streets with human filth, and commit other crimes. *Brown v. City of Phoenix*, CV 2022-010439, 2023 Ariz. Super. LEXIS 24 (Mar. 27, 2023). But that state-law question is not one that we can address here.